*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1061**

Jerome Mitchell,
Relator,

vs.

Swift Pork Company,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 29, 2014
Affirmed
Rodenberg, Judge**

Department of Employment and Economic Development
File No. 32306172-3

Jerome Mitchell, Worthington, Minnesota (pro se relator)

Swift Pork Company, C/O Unemployment Services LLC d/b/a Talx, St. Louis, Missouri
(respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul,
Minnesota (for respondent DEED)

 Considered and decided by Rodenberg, Presiding Judge; Kirk, Judge; and

Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Relator Jerome Mitchell challenges the decision of the unemployment law judge (ULJ) that he is ineligible for unemployment benefits because he committed employment misconduct. We affirm.

## FACTS

Mitchell began working as a full-time production employee with respondent Swift Pork Company on January 24, 2008. At Swift's Worthington plant, 90 percent of the product handled there is considered edible pork product. To ensure that edible product does not become contaminated, workers who handle the edible product wear white uniforms, while those who handle inedible product wear blue uniforms and black gloves. Edible product and inedible product are nearly always kept apart, but where edible and inedible product intermingle, specific yellow bins are placed in that area to ensure that inedible product is moved to an area of the plant where it can be safely disposed of. Supervisors are readily available to answer any questions employees may have concerning whether product is edible or inedible.

Mitchell was placed on light duty work in early February 2014 and was assigned to mark hog carcasses with an ink marker. The carcass-marking assignment was located in a different production area of the plant than his regular assignment. On February 12, while he was marking carcasses, Mitchell dropped the ink marker on the floor. Mitchell picked up the marker, without sanitizing it, and continued to mark carcasses. Mitchell's actions violated a work rule requiring anything that has touched the floor of the Swift

plant is considered contaminated and, until properly sanitized, must not come into contact with edible product. Mitchell was warned about his misconduct and suspended for the violation.

On February 26, 2014, Mitchell, who was wearing a white uniform per Swift's food safety policy, was marking carcasses in the same production area where he had been working on February 12. Two other workers who were also wearing white and who worked near Mitchell cut the edible product from the carcasses and placed edible product down a chute in the floor. At one point, the production line stopped, and Mitchell, noticing that edible product had accumulated in the chute, lifted his leg over the edge of the chute and pushed the edible product down with his boot. A supervisor witnessed this and alerted Mitchell to the fact that the product was edible. Mitchell was directed to human resources to discuss the incident. Swift suspended Mitchell for the rest of the week without pay. Mitchell was formally discharged on March 3, 2014 for violating Swift's food safety policies.

Following his discharge, Mitchell sought unemployment benefits from the Minnesota Department of Employment and Economic Development (DEED). On March 13, 2014, DEED issued its determination of eligibility, concluding that, because Mitchell was not discharged for employment misconduct, he was eligible for employment benefits. Swift appealed the determination of eligibility.

A telephone hearing was held on April 17, 2014. The ULJ concluded that Mitchell was discharged because of employment misconduct and therefore is ineligible for unemployment benefits. The ULJ found that Swift had a right to expect that a

3

production worker in a meat packing plant would not contaminate edible product by touching the edible product with his boot. Because Mitchell was disciplined on February 12 for marking carcasses with a contaminated marker in the same production area, the ULJ determined that Mitchell was on notice as of February 26 that he was working in an area with edible product. The ULJ found Mitchell's behavior to be either intentional, negligent, or indifferent because Mitchell had knowledge that touching edible product with his boot would contaminate it and because Mitchell was aware of Swift's food safety policies.

Mitchell requested reconsideration on April 22, 2014. He asserted that he was in an area of the plant with which he was unfamiliar when the February 26 incident occurred and did not know whether the product pushed with his boot was edible or inedible. Mitchell provided no new or additional evidence.

The ULJ issued an order of affirmation on May 30, 2014. The ULJ concluded that Mitchell did not provide any information to show that either the original findings of fact or the decision issued by the ULJ were incorrect. The ULJ reiterated that Mitchell's negligent behavior was a serious violation of the standards of behavior that Swift has a right to reasonably expect from its employees that amounted to employment misconduct. This appeal by writ of certiorari followed.

## DECISION

Mitchell argues that the ULJ erred in determining that he is ineligible for unemployment benefits because the incident that culminated in his discharge was the result of "human error." While Mitchell's argument is not fully briefed, we interpret

4

Mitchell's essential argument to be that his conduct falls within a portion of the statute that is not specified as misconduct and was a good-faith error in judgment.

The purpose of Minnesota Statutes chapter 268 is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2012). The statute is remedial in nature and is applied in favor of awarding benefits, and any provision precluding receipt of benefits is narrowly construed. Minn. Stat. § 268.031, subd. 2 (2012). We may reverse or modify a ULJ's decision "if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision" are "unsupported by substantial evidence in view of the entire record as submitted" or "affected by other error of law." 2014 Minn. Laws, ch. 271, art. 1, § 1, at 1028-29 (to be codified at Minn. Stat. § 268.105, subd. 7(d) (2014)).

Here, the ULJ determined that Mitchell was discharged for employment misconduct. An employee discharged because of employment misconduct is ineligible to receive unemployment benefits. Minn. Stat. § 268.095, subd. 4 (2012). Employment misconduct is "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." 2014 Minn. Laws, ch. 239, art. 2, § 5, at 772-73 (to be codified at Minn. Stat. § 268.095, subd. 6(a) (2014)). "As a general rule, refusing to abide by an employer's reasonable policies and requests amounts to disqualifying misconduct." *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). But "good faith errors in judgment

5

if judgment was required" is not employment misconduct. 2014 Minn. Laws, ch. 239, art. 2, § 5, at 772-73 (to be codified at 268.095, subd. 6(b)(5) (2014)).

Whether an employee committed employment misconduct is a mixed question of fact and law. *Schmidgall*, 644 N.W.2d at 804. A ULJ's factual findings are reviewed in the light most favorable to the decision and those findings should not be altered so long as evidence in the record reasonably tends to sustain them. *Stagg v. Vintage Place, Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether a particular act constitutes employment misconduct is a question of law, which we review de novo. *Schmidgall*, 644 N.W.2d at 804.

The record supports the ULJ's factual findings that Mitchell was aware of Swift's food-handling policies and that his violation of these policies was intentional, negligent, or indifferent. Mitchell had worked at Swift for approximately six years and was aware of the food safety policies in place at Swift. Mitchell understood that employees who wore white uniforms, like he and the other production workers in this area wore on the day of the February 26 incident, handled edible product. Less than two weeks before the February 26 incident that led to his discharge, Mitchell was suspended for contaminating edible product in the same area. And the record supports that Mitchell knew placing his boot on edible product would contaminate the product.

"[A]n employee's decision to violate knowingly a reasonable policy of the employer is misconduct." *Id.* at 806. Swift has a right to expect that a production worker in a meat packing plant, like Mitchell, would not contaminate edible product by touching it with his boot. *See* Minn. Laws, ch. 239, art. 2, § 5 (to be codified at Minn. Stat.

6

§ 268.095, subd. 6(a)(1)).  Mitchell's conduct, as found by the ULJ, amounts to employment misconduct.

"A good-faith error in judgment is not employment misconduct only in situations when judgment is required." *Marn v. Fairview Pharmacy Servs., LLC*, 756 N.W.2d 117, 122 (Minn. App. 2008), *review denied* (Minn. Dec. 16, 2008); *see also* Minn. Stat. § 268.095, subd. 6(b)(6).  When a directive is clear, no judgment is required.  *Potter v. N. Empire Pizza, Inc.*, 805 N.W.2d 872, 877 (Minn. App. 2011), *review denied* (Minn. Nov. 15, 2011).  Under the circumstances here, no judgment was required.  And even if some exercise of judgment had been required, Mitchell's conduct was not reasonable.  Based on the record, the ULJ appropriately determined that Mitchell engaged in employment misconduct, which results in him being ineligible for unemployment benefits.

**Affirmed.**